John D. Doyle, Esq. County Attorney, Monroe
You informed us that a District Attorney in Monroe County was elected to a four-year term commencing on January 1, 1982. Following the incumbent's resignation in the Spring of 1983, a new District Attorney was elected on November 8, 1983. Your question is whether the successor was elected to a full four-year term commencing on January 1, 1984 or for the balance of the unexpired term of his predecessor.
Under Article XIII, § 13(a) of the New York State Constitution "In each county a district attorney shall be chosen by the electors once in every three or four years as the legislature shall direct". The Legislature has established the term of the District Attorney of Monroe County in section 400(1-d) as follows:
 "The term of office of the district attorney of each county outside of New York city, except the counties of Ulster, Nassau, Rockland, Erie, Wyoming and Oneida shall be for four years commencing on the first day of January following the general election for district attorney in each respective county, providing however, that if such election shall be held in an even numbered year, such term shall be for three years."
Under previous provisions of the Constitution and of the County Law, establishing a three-year term for District Attorneys, this office has concluded that a person elected to fill a vacancy in the office of District Attorney served a full three-year term (1970 Op Atty Gen [Inf] 205; 1948 Op Atty Gen [Inf] 89; see, also, 1979 Op Atty Gen [Inf] 242; 1964 Op Atty Gen [Inf] 66; and 1959 Op Atty Gen [Inf] 242) dealing with other county offices and concluding that persons elected to fill vacancies serve for a full term.
We believe it is clear under current law governing the term of District Attorney in Monroe County that a person elected to fill a vacancy in an odd numbered year serves a full four-year term. Subdivision 1-d of section 400 of the County Law, establishing the term of District Attorney in Monroe County, was added by chapter 763 of the Laws of 1976. It provides that the term is to be four years, commencing on the first day of January following the general election, with the proviso that if the election is held in an even numbered year, the term is to be for three years.
The legislative history indicates that Senate 6363-B, which was approved as chapter 763 of the Laws of 1976, was introduced on behalf of the District Attorney's Association (July 2, 1976 letter from the Senate sponsor, Bernard C. Smith to Judah Gribetz, Counsel to the Governor). The proposal had two primary purposes. First, it lengthened the term of District Attorneys to reduce the frequency of political campaigns (July 9, 1976 letter from B. Anthony Morosco, Legislative Secretary of the New York State District Attorney's Association to Judah Gribetz, Counsel to the Governor; Memorandum in support of Senate 6363-B). The second purpose was to regularize the time of electing District Attorneys, so that elections would occur in local election years (ibid.). At these times the voter's attention would be focused on local issues, and the qualifications of the candidates for District Attorney would be subject to closer scrutiny from the electorate, undistracted by legislative, congressional, gubernatorial or presidential campaigns (ibid.). Thus, the proviso included in subdivision 1-d had two apparent impacts to achieve this purpose. In those counties which prior to the enactment of subdivision 1-d elected their District Attorneys in an even numbered year, the proviso established a three-year term for the first election conducted after the subdivision became effective, so that subsequent elections would be held in the odd year for four-year terms (District Attorney's Association letter, supra). More important for purposes of this inquiry, it was intended that the proviso be activated in the case of a vacancy in the office of District Attorney occurring in an even numbered year (ibid.). In such event, the election would be for a three-year term, so that the office would once again be on the four-year, odd cycle (ibid.). However, if the election to fill the vacancy occurs in an odd year, the term would be four years under subdivision 1-d. In discussing this point, the legislative history makes it clear that under subdivision 1-d vacancies are to be filled for a full term of either three or four years, depending on whether the vacancy occurs in an odd or even year, and not for the balance of the unexpired term of the predecessor.
 "Further, future vacancies filled by gubernatorial appointment in even numbered years will nevertheless return to that synchronization after an initial three-year term.* This approach is more desirable than the alternative of providing for an election for the remainder of the unexpired term which might result in an appointed District Attorney having to run for a one-year term." (Ibid.)
Since the election to fill the vancancy in District Attorney of Monroe County has occurred in an odd numbered year, under subdivision 1-d of the County Law the person elected will serve a full four-year term commencing on January 1, 1984.
We conclude that a person elected in 1983 to fill a vacancy in the office of District Attorney of Monroe County serves for a full term of four years commencing on January 1, 1984.
* The appointment referred to is until the last day of the year, prior to which an election is required to fill the office (NY Const, ArtXIII, § 3).